**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| J.A., by and through D.J.,<br><br>Plaintiffs,<br><br>v.<br><br>COBB COUNTY SCHOOL DISTRICT,<br><br>Defendant. | Civil Action No: 1:25-cv-00379-SDG |

**DEFENDANT COBB COUNTY SCHOOL DISTRICT'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Cobb County School District ("CCSD") hereby files its Affirmative Defenses and Answer to Plaintiffs' Amended Complaint (the "Complaint") as follows:

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Some or all of Plaintiffs' claims are barred by the applicable statute(s) of limitations.

**THIRD DEFENSE**

Plaintiffs have failed to mitigate some or all of their alleged damages.

**FOURTH DEFENSE**

Plaintiffs' alleged damages were not caused by or due to any action, inaction, negligence or breach of duty on the part of CCSD.

**FIFTH DEFENSE**

CCSD's alleged acts and omissions were not the proximate cause of any of Plaintiffs' alleged injuries or damages.

**SIXTH DEFENSE**

Some or all of Plaintiffs' claims may be barred by the doctrines of waiver, estoppel, or laches.

**SEVENTH DEFENSE**

CCSD had only legitimate, non-discriminatory, non-retaliatory reasons for every adverse action Plaintiffs sue over.

**EIGHTH DEFENSE**

Plaintiffs' requested accommodations were not reasonable.

**NINTH DEFENSE**

Some or all of Plaintiffs' desired accommodations would have imposed an undue hardship on or fundamentally altered CCSD's business operations and educational programs and activities.

**TENTH DEFENSE**

Some or all of Plaintiffs' claims may be barred because they failed to exhaust their administrative remedies under the IDEA.

**ELEVENTH DEFENSE**

CCSD reserves the right to raise any additional affirmative defenses based on after-acquired evidence it may learn of during discovery.

**TWELFTH DEFENSE**

Some or all of Plaintiffs' claims are barred because of their failure to exhaust state administrative remedies by appealing the outcome of J.A.'s disciplinary hearing.

**THIRTEENTH DEFENSE**

Some or all of Plaintiffs' desired accommodations would have imposed a significant risk of substantial harm to the security, safety, and health of CCSD's operations and the private, confidential information of students and employees.

**FOURTEENTH DEFENSE**

Defendant reserves the right to raise additional affirmative defense as may be discovered during the course of these proceedings. Without waiving any defense at law or in equity, Defendant responds to Plaintiffs' Complaint as follows:

## I. PARTIES, JURISDICTION AND VENUE

1.

CCSD admits that J.A. is eligible for special education services under the IDEA. Except as otherwise provided, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2.

CCSD admits the allegations in this paragraph.

3.

CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4.

CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.

CCSD denies that Plaintiffs have fully exhausted their administrative remedies under the IDEA. CCSD admits that Plaintiffs filed a due process hearing request in the administrative proceeding styled J.A., by and through D.J. v. Cobb County School District, No. 2442377-OSAH-DOE-SE-33-Woodard, in the Georgia Office of State Administrative Hearings ("OSAH"). [Doc. 13-6.] On about November 6, 2024, the administrative law judge ("ALJ"), M. Patrick Woodward,

entered a final decision in that matter. [Doc. 13-7.] Except as otherwise provided, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## II. INTRODUCTION

6.

CCSD admits that J.A. (i) was born on September 13, 2009, (ii) is a CCSD student, and (iii) has an IEP. Except as otherwise provided, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7.

CCSD admits that, as of March 27, 2023, J.A. was found eligible for special education services under the primary category of Autism and the secondary category of Other Health Impairment ("OHI"). CCSD admits that the OHI eligibility was based on J.A.'s diagnoses of ADHD, anxiety and depression, and PTSD. Except as otherwise provided, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including the footnote thereto.

8.

CCSD admits that, at an IEP meeting on about May 6, 2022, J.A.'s IEP team determined would receive "[c]onsultative services for 30 minutes weekly due to

behavior." Except as otherwise provided, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including the footnote thereto.

9.

CCSD admits that Dr. Kimberly Saye prepared a psychoeducational report for J.A., dated September 14, 2022. That report says that Dr. Saye evaluated J.A. on August 8, 10, and 24, 2022. Except as otherwise provided, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including the footnote thereto.

10.

With the exception of footnote 2, CCSD admits the allegations in this paragraph. As for footnote 2, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including the footnote thereto.

11.

CCSD admits that it conducted a functional behavioral assessment ("FBA") for J.A., for three target behaviors: (1) refusal; (2) physical aggression; and (3) out of area. Data collection began in November 28, 2022. Based on the data collected, the "refusal" had "a hypothetical function of escape/avoidance." "There [was] not enough information to determine a hypothetical function for" the other two target

behaviors." Except as otherwise provided, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.

CCSD admits that, on about March 27, 2023, J.A.'s IEP team held a meeting for the purpose of amending J.A.'s IEP "to add an updated BIP based on data collected for an FBA after and MDR for" J.A. Except as otherwise provided, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.

CCSD admits that on March 29, 2023, J.A. violated the Code of Conduct and that, on April 12, 2023, an MDR was held. The MDR concluded that J.A.'s behavior was not a manifestation of his disability. Except as otherwise provided, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.

CCSD admits that J.A.'s IEP team held a meeting on about November 1, 2023. Except as otherwise provided, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15.

CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16.

CCSD denies the allegations in this paragraph.

17.

CCSD admits that, on about February 28, 2024, J.A. installed a password-stealing software on his CCSD-issued laptop. As a result, J.A. was suspended out of school for eight days, with a recommendation of suspension for the rest of the school year, pending MDR and discipline hearing. On about April 16, 2024, CCSD held the MDR meeting. The MDR team concluded that the incident was not a manifestation of J.A.'s disabilities. Except as otherwise provided, CCSD denies the allegations in this paragraph.

18.

CCSD admits that special education eligibility is based on GDOE's eligibility criteria, not the DSM-5's diagnostic criteria. Except as otherwise provided, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19.

CCSD admits that J.A. during his suspension and that J.A.'s parents refused to at IEP meeting after J.A.'s suspension. CCSD also admits that, during J.A.'s suspension, a teacher met twice a week with J.A. twice a week to work on his IEP goals and objectives. Except as otherwise provided, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20.

CCSD admits that, on about May 13, 2024, it sent a letter to D.J., informing her that, under Administrative Rule IFBG-R (titled "Technology Acceptable Use"), CCSD was revoking J.A.'s technology and network privileges. [Doc. 13-2.] That letter speaks for itself. Except as otherwise provided, CCSD denies the allegations in this paragraph.

21.

CCSD admits that the ALJ found that CCSD had complied with the IDEA with respect to J.A. The ALJ's Final Decision speaks for itself. [Doc. 13-7.] Except as otherwise provided, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22.

CCSD denies the allegations in this paragraph.

23.

CCSD denies the allegations in this paragraph.

24.

CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25.

CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26.

CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27.

CCSD denies the allegations in this paragraph.

## III. FACTUAL ALLEGATIONS

28.

CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29.

CCSD admits that, on about February 28, 2024, J.A. committed all the technology-related conduct violations described in this paragraph. Except as otherwise provided, CCSD denies the allegations in this paragraph.

30.

CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31.

CCSD denies the allegations in this paragraph.

32.

CCSD admits that, on about April 16, 2024, it held an MDR meeting to determine whether J.A.'s technology-related conduct violations were a manifestation of his disabilities. CCSD admits that, for purposes of this inquiry, the GDOE's eligibility criteria, not the DSM-5's diagnostic criteria, are relevant. Except as otherwise provided, CCSD denies the allegations in this paragraph.

33.

CCSD admits that, during the MDR meeting, all non-family-members in attendance agreed that the conduct violations in question were not a manifestation of J.A.'s disabilities. Except as otherwise provided, CCSD denies the allegations in this paragraph.

34.

CCSD denies the allegations in this paragraph.

35.

CCSD denies the allegations in this paragraph.

36.

CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

37.

CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38.

CCSD denies the allegations in this paragraph.

39.

CCSD denies the allegations in this paragraph.

## IV. LEGAL CLAIMS

40.

CCSD denies the allegations in this paragraph.

41.

CCSD admits that it provided J.A. with all special education services required under the IDEA. Except as otherwise provided, CCSD lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in this paragraph.

42.

CCSD admits that J.A. installed password-stealing software on his CCSD-issued laptop. Except as otherwise provided, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43.

CCSD admits that it provided J.A. with all special education services required under the IDEA. CCSD denies that the technology-related offenses were a manifestation of J.A.'s disabilities. Except as otherwise provided, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

44.

CCSD denies the allegations in this paragraph.

45.

CCSD denies the allegations in this paragraph.

46.

CCSD denies the allegations in this paragraph.

47.

CCSD denies the allegations in this paragraph.

48.

CCSD denies the allegations in this paragraph.

49.

CCSD denies the allegations in this paragraph.

50.

CCSD denies the allegations in this paragraph.

51.

CCSD denies the allegations in this paragraph.

52.

CCSD denies the allegations in this paragraph.

53.

CCSD denies the allegations in this paragraph.

54.

CCSD denies the allegations in this paragraph.

55.

CCSD denies the allegations in this paragraph.

IV. RELIEF (*sic*)

COUNT I - Appeal of IDEA State Administrative Decision

56.

CCSD denies any liability to Plaintiffs or any violation of the IDEA, and it denies that Plaintiffs are entitled to relief requested in this paragraph. Except as otherwise provided, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

COUNT II - Title II of the Americans with Disabilities Act
and Section 504 of the Rehabilitation Act of 1973

57.

CCSD admits that D.J. is J.A.'s parent and that J.A. has a disability under Title II and Section 504. Except as otherwise provided, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

58.

CCSD admits that it is a federal funding recipient. Except as otherwise provided, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

59.

CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

60.

CCSD admits it is subject to Title II and Section 504. Except as otherwise provided, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

61.

CCSD denies the allegations in this paragraph.

62.

CCSD denies the allegations in this paragraph.

63.

CCSD denies the allegations in this paragraph.

64.

CCSD denies the allegations in this paragraph.

65.

CCSD denies any liability to Plaintiffs or any violation of Title II or Section 504, and it denies that Plaintiffs are entitled to relief requested in this paragraph. Except as otherwise provided, CCSD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

COUNT III - Negligence

65. (*sic*)

The Court has dismissed Count III with prejudice. [Doc. 18 at 15.] Therefore CCSD is not required to respond to this paragraph.

66.

The Court has dismissed Count III with prejudice. [Doc. 18 at 15.] Therefore CCSD is not required to respond to this paragraph.

67.

The Court has dismissed Count III with prejudice. [Doc. 18 at 15.] Therefore CCSD is not required to respond to this paragraph.

68.

The Court has dismissed Count III with prejudice. [Doc. 18 at 15.] Therefore CCSD is not required to respond to this paragraph.

69.

The Court has dismissed Count III with prejudice. [Doc. 18 at 15.] Therefore CCSD is not required to respond to this paragraph.

70.

The Court has dismissed Count III with prejudice. [Doc. 18 at 15.] Therefore CCSD is not required to respond to this paragraph.

## GENERAL DENIAL

CCSD denies any allegation not expressly admitted above. Any allegation to which CCSD has not expressly responded stands denied, including Plaintiffs' prayer for relief.

WHEREFORE, CCSD respectfully requests that this Court:

a) dismiss with prejudice Plaintiffs' Complaint;

b) deny all relief requested by Plaintiffs;

c) award CCSD reasonable attorneys' fees, costs and expenses associated with defending this lawsuit; and

d) grant such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 24th day of March, 2026.

*<u>/s/ Jeffrey R. Daniel</u>*
Jeffrey R. Daniel (GA Bar No. 949075)
*Counsel for Defendant*

PARKER POE ADAMS & BERNSTEIN LLP
1075 Peachtree Street NE
Suite 1500
Atlanta, GA 30309
678.690.5750 (phone)
404.869.6972 (facsimile)
jeffdaniel@parkerpoe.com

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(C).

This 24th day of March, 2026.

*/s/ Jeffrey R. Daniel*
Jeffrey R. Daniel (GA Bar No. 949075)
*Counsel for Defendant*

PARKER POE ADAMS & BERNSTEIN LLP
1075 Peachtree Street NE
Suite 1500
Atlanta, GA 30309
678.690.5750 (phone)
404.869.6972 (facsimile)
jeffdaniel@parkerpoe.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the within and foregoing DEFENDANT COBB COUNTY SCHOOL DISTRICT'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFF'S AMENDED COMPLAINT with the Clerk of Court using the CM-ECF System which will automatically send e-mail notification of such filing to the following counsel of record:

Michael F. Braun, Esq.
ATTORNEY AT LAW
5016 Centennial Boulevard
Suite 200
Nashville, TN 37209
mfb@braun-law.com

April Kelly Neal, Esq.
NEAL STUDENT SUPPORT ADVOCACY & DISABILITY, LLC
3780 Northside Drive
Suite 140 - No. 508
Macon, GA 31210
akellyneal@ssadisability.org
akellyneal777@gmail.com

This 24th day of March, 2026.

*/s/ Jeffrey R. Daniel*
Jeffrey R. Daniel (GA Bar No. 949075)
*Counsel for Defendant*

PARKER POE ADAMS & BERNSTEIN LLP
1075 Peachtree Street NE
Suite 1500
Atlanta, GA 30309
678.690.5750 (phone)
404.869.6972 (facsimile)
jeffdaniel@parkerpoe.com